Hector VALERO, et al., Appellants,

v.

STATE of Texas, Appellee.

No. 09 82 061 CV.

Court of Appeals of Texas, Beaumont.

June 30, 1983.

Rehearing Denied Aug. 10, 1983.

Jimmy Phillips, Angleton, for appellants.

Lavon Jones, Richard Baker, Asst. Dist. Attys., Beaumont, for appellee.

## OPINION

CLAYTON, Justice.

Appellants, Hector Valero, Jorge Font, Enriquez Coriadas, and Jose Tomas Bernal, appeal from an order of non-suit taken by appellee, the State of Texas.

On November 9, 1981, the Texas Department of Public Safety and other peace officers executed a search warrant on an 80-acre tract of land in Jefferson County. Approximately twelve tons of marihuana was located and seized in the farmhouse and related barns on the premises. The State of Texas instituted forfeiture proceedings, pursuant to *TEX.REV.CIV.STAT.ANN. art. 4476–15,* against the real estate and personal property seized on such date. Notice of the forfeiture proceedings was given to Najova Investors, S.A., a Panama Corporation, as the record title owner of the seized property. Santos Efrain Dominquez received notice as a party in possession of the seized property. An interlocutory judgment by default was taken against Dominquez and Najova Investors.

In the forfeiture petition, the State also complained of appellants, naming them as defendants, without alleging that they were in possession or had any interest in the seized property. The State took a non-suit as against the four appellants without giving any notice to them of the non-suit.

Subsequent to the non-suit against appellants, a final judgment of forfeiture was entered against Dominquez and Najova Investors.

Appellants filed their motion for new trial, which was denied by the trial court.

Appellants, by their first and second points of error, complain of "dismissing the appellants from the lawsuit and proceeding to judgment because they were necessary and indispensable parties" and in granting the State's motion to take non-suits against them without giving them notice of such motion.

■■■ In its forfeiture petition, the State did not allege that appellants, or any one of them, were owners of the premises or any personal property located thereon, and appellants did not file any pleadings containing a claim of ownership or a claim of any interest therein. They filed no pleadings wherein they sought any affirmative relief. Appellants did not contend in their pleadings they had any interest in the seized property, did not so contend in their motion for new trial, and do not now contend they have any such interest. In this state of the record, the trial court properly permitted the State to non-suit appellants. The court

could not have done otherwise. The State's right to take a non-suit, when affirmative relief is not sought by a defendant, is absolute and cannot be denied by the trial court. *Newman Oil Co. v. Alkek,* 614 S.W.2d 653 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *TEX.R.CIV.P. 164.*

■ Under the facts of this case, the State's failure to give notice to appellants of the motion to non-suit has not prejudiced them since they have never, even on this appeal, claimed any ownership or interest in the seized property. No error is shown. *Anglo Exploration Corporation v. Grayshon,* 562 S.W.2d 567 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). These two points are overruled.

■ The remaining points of error complain of the judgment rendered against Dominquez and Najova Investors who have not appealed. These appellants cannot obtain a reversal of the proceedings because of alleged errors therein unless they have been harmed by them, or have some property or personal right which has been affected by them. *Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87 (Tex.1973); *Shell Petroleum Corp. v. Grays,* 131 Tex. 515, 114 S.W.2d 869 (1938); *Manson v. State,* 609 S.W.2d 855 (Tex.Civ.App.—Texarkana 1980, no writ). Since appellants do not claim ownership or any interest in the seized property, they have shown no injury or harm by the judgment against the two defaulting defendants.

The judgment of the trial court is AFFIRMED.