$17,329.00, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-93-00071-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 2, 1993.

Frank Alvarez, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Brian Johnson, Houston, for appellee.

Before DUGGAN, HUTSON-DUNN and ANDELL, JJ.

---

## OPINION

DUGGAN, Justice.

Under Tex.Code Crim.Proc.Ann. art. 59.01 et seq. (Vernon Supp.1993), the State filed a notice of seizure and intended forfeiture of $18,329.00, one video camera, and one cellular telephone. The trial court ordered in part that $17,329.00 be forfeited to the State. Xavier Hernandez Ochoa, the purported defendant-in-interest, challenges the forfeiture of the $17,329.00. We dismiss the appeal.

■ Ochoa brings three points of error attacking the trial court's disposition of the $17,329.00. The State, however, contends that Ochoa has no standing to challenge the judgment. We agree.

At trial, Ochoa testified as follows:

Q. Now, the money that was found in the other parts of the house from where you were sleeping, is any of that money yours? [1]

A. No.

Ochoa reiterates in his brief that "the money in question is not his[.]"

Under these facts, Ochoa has no standing to appeal the forfeiture of the $17,329.00. In a forfeiture case, an alleged defendant-in-interest cannot obtain a reversal of the proceedings where he or she has no property right or interest in the property forfeited. *Valero v. State,* 664 S.W.2d 728, 730 (Tex. App.—Beaumont 1983, writ ref'd n.r.e.). Because Ochoa disclaims ownership in the $17,329.00 and has no other interest therein,[2] he can show no injury by the money's forfeiture and no entitlement to appeal from the judgment. *Id.*

■ Persons who are strangers to a judgment have no right to seek its review on appeal. *Stroud v. Stroud,* 733 S.W.2d 619, 620 (Tex.App.—Dallas 1987, no writ). An appeal prosecuted under such circumstances

should be dismissed for lack of standing. *See id.* at 622.

We dismiss Ochoa's appeal.

---

1. None of the seized money was found where Ochoa had been sleeping.

2. An "interest holder" for purposes of the forfeiture here is "the bona fide holder of a perfected lien or a perfected security interest in property." Tex.Code Crim.Proc.Ann. art. 59.01(4) (Vernon Supp.1993). It is undisputed that Ochoa was not the holder of a perfected lien or a perfected security interest in the money.