**$27,920.00 IN U.S. CURRENCY,
Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 06–00–00069–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 21, 2000.

Decided Feb. 8, 2001.

Karla J. Rogers, Vidor, for appellant.

Charles C. Bailey, Titus/Camp County Dist. Atty., Mount Pleasant, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

David Yingling appeals from the trial court's order denying his Motion to Return Funds. Police stopped a sport utility vehicle (S.U.V.) owned by Yingling and driven by James Tosh Keele, who was accompanied by an unnamed passenger. The vehicle was searched and $5,900 was found on

Keele and $22,020 was found in a rear panel of the S.U.V. Police seized the money, but released the S.U.V. to Keele, apparently without issuing a ticket or making an arrest.

The State filed a Notice of Seizure and Intended Forfeiture in which it alleged that the money constituted contraband because it was proceeds derived from the commission of a drug-related felony. The State attempted service on Keele, but did not attempt service on Yingling. The record does not indicate when Keele was actually served; however, the State and Keele entered into an agreed judgment in which Keele received $5,900 and the State received $22,020.

Nearly twelve months later, Yingling filed his Motion to Return Funds, in which he alleged that he was the owner of the S.U.V. Keele was driving and the $22,020 retained by the State. Yingling further alleged that he was never served with notice of the State's intent to seize the money, and he requested its return.

The trial court held a hearing at which Yingling claimed that he bought the vehicle at an auction, that he had it for a long time, and that as far as he knew the money was behind the back panel of the S.U.V. when he purchased it, but that he was unaware of its presence until police found it. He admitted, however, that he was speculating the money was in the S.U.V. when he bought it and that it was just as possible that Keele or his passenger put the money in the S.U.V.

The trial court denied his motion. In its findings of fact and conclusions of law, the trial court found that all requisites of the forfeiture statute, Chapter 59 of the Texas Code of Criminal Procedure, had been satisfied. It also found that Yingling failed to show a legal interest in the money and failed to proceed under a bill of review.

Yingling contends the trial court erred in (1) denying his motion, (2) finding that he had no interest in the money, (3) finding that the State had complied with the forfeiture statute, and (4) finding that he failed to proceed under a bill of review.

There was a time in this nation when not having money could constitute the crime of vagrancy or some other offense. A series of cases declared such laws unconstitutional. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). In the case of *Edwards v. California*, the United States Supreme Court went so far as to declare that poverty and morality are not synonymous. *Edwards v. California*, 314 U.S. 160, 177, 62 S.Ct. 164, 168, 86 L.Ed. 119, 127 (1941). In the present times, in our effort to rid society of illicit drugs, the antithesis has occurred. The possession of large sums of cash is now suspect. However, although drugs may be illicit, possessing large sums of cash alone is licit. The statute that we apply in this case provides for the forfeiture of money only if it is shown to be contraband as defined under Chapter 59 of the Code of Criminal Procedure.

■ The State has the burden to show probable cause for seizing a person's money on the ground that it was derived from or intended for use in manufacturing, delivering, selling, or possessing a controlled substance. TEX.CODE CRIM.PROC. ANN. art. 59.01(2)(A)-(D) (Vernon Supp. 2001); *$7,058.84 in U.S. Currency v. State*, 30 S.W.3d 580, 586 (Tex.App.—Texarkana 2000, no pet. h.). To forfeit the property, the State must show a substantial connection or nexus between the property and the illegal activity. *$7,058.84 in U.S. Currency*, 30 S.W.3d at 586. This is accomplished when the State proves by a preponderance of the evidence that the money was derived from or intended for use in the manufacture, delivery, sale, or possession of a controlled substance. *Id.* Proof may be made by circumstantial evidence, but the proof must raise more than a mere surmise or suspicion regarding the source of the money. *Id.*

■ The first proceeding in this case against Keele did not result in a finding

that he was the owner of the money in question or that there was any forfeiture of the money on the basis that it was contraband. The court signed an agreed judgment showing that the State and Keele had agreed to divide the money, with the State keeping the $22,020 found behind the back panel of the S.U.V. and Keele keeping the remainder of the money found on his person. The judge signed the following Agreed Judgment:

> NOW COMES the State of Texas, by and through her District Attorney, and the defendant, Tosh Keele, and his attorney, W. Ray Nickle, and agree to the following disposition of the property the subject of this suit:

> That the State of Texas do have and recover the sum of $22,020.00 and the defendant is to recover the remainder.

This is not a judgment of a forfeiture under the statute. Although Article 59.05 provides that the parties will comply with the rules of pleadings as required in a civil suit and that all cases shall proceed to trial in the same manner as civil cases, this does not eliminate the necessity for the required judgment of forfeiture, so this property will be handled as provided by the statute. Tex.Code Crim.Proc.Ann. art. 59.05 (Vernon Supp.2001).

■ In the proceeding now before this court, Yingling, the owner of the vehicle, filed an action to obtain the money in question. Yingling had not been served with citation or notice of the proceeding involving Keele. However, we find that the filing of his motion in court constituted an appearance and waived any necessity of service of process. Yingling's motion and participation in the hearing involving the motion was sufficient to constitute an appearance under Rule 121 of the Rules of Civil Procedure. Tex.R.Civ.P. 121. His motion sought to respond to the State's action to forfeit the money, and such a defensive measure can constitute an appearance so as to dispense with the necessity for the issuance of service of a citation. He made no effort to make a special appearance, and because of his participation through his motion and by his presentation to the court, he cannot now claim that he was not under the court's jurisdiction.

■ The trial court made a finding in this case that Yingling failed to proceed under a bill of review. A bill of review is properly brought as a separate suit. Ordinarily, it is available only to a party to the initial action, but it has also been held to be available to one who has a then-existing interest or right that was prejudiced by the judgment. *Gunn v. Cavanaugh,* 391 S.W.2d 723, 724–25 (Tex.1965); *Barrow v. Durham,* 574 S.W.2d 857, 860 (Tex.Civ. App.—Corpus Christi 1978), *aff'd,* 600 S.W.2d 756 (Tex.1980); *Farris v. Nortex Oil & Gas Corp.,* 393 S.W.2d 684, 689 (Tex.Civ.App.—Texarkana 1965, writ ref'd n.r.e.); *Bynum v. Davis,* 327 S.W.2d 673, 677 (Tex.Civ.App.—Houston 1959, no writ) (opinion on reh'g); *Kieke v. Cox,* 300 S.W.2d 309, 310 (Tex.Civ.App.—San Antonio 1957, no writ); *Stinnette v. Mauldin,* 251 S.W.2d 186, 217 (Tex.Civ.App.—Eastland 1952, writ ref'd n.r.e.).

Yingling entitled his action Motion to Return Funds and filed it under the same number as the initial proceeding attempting to forfeit the funds. Rule 71 of the Rules of Civil Procedure provides that a misnomer of pleading is not fatal to the substance of those pleadings. Tex.R.Civ.P. 71. There are a number of cases in which bills of review were mistitled, but were properly treated as bills of review. *Postell v. Texas Dep't of Pub. Welfare,* 549 S.W.2d 425, 426–27 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.); *Langford v. Douglas,* 359 S.W.2d 951, 953 (Tex.Civ.App.— Beaumont 1962, no writ); *Custer v. McGough,* 184 S.W.2d 668, 670 (Tex. App.—Eastland 1944, no writ); *Litton v. Waters,* 161 S.W.2d 1095, 1096 (Tex.Civ. App.—San Antonio 1942, writ ref'd).

■ Yingling's pleadings could have been treated as a bill of review. However, whether treated as a bill of review or as an intervention in this cause of action, the

previous judgment could not be binding against Yingling if he could show himself to be the true owner of the property and an interest holder. Only the parties to a suit can be bound by an *in personam* judgment. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996) (citing TEX. CIV.PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997)). In a forfeiture proceeding, Article 59.04(b) requires service of process by citation to the owner of the property and any interest holder in the property. TEX.CODE CRIM.PROC.ANN. art. 59.04(b) (Vernon Supp.2001). Forfeiture actions require reasonable diligence in service of process. *One 1991 Chevrolet Blazer, Vin # 1GNDT13Z4M2302305 v. State*, 905 S.W.2d 443 (Tex.App.—Amarillo 1995, no writ). Thus, if Yingling could show himself to be the owner of the property or an interest holder in the property, he was a necessary party on whom service was required to be made, and without service there could be no binding judgment against him.[1]

Yingling had the burden to prove he had an actual interest in the property. In a forfeiture case, an alleged defendant-in-interest cannot obtain a reversal of the proceedings where he or she has no property right or interest in the property forfeited. *$17,329.00 v.. State*, 880 S.W.2d 788, 789 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Valero v. State*, 664 S.W.2d 728, 730 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.).

Yingling was given an opportunity in this action to show that he had ownership rights in the property. In the Findings of Fact and Conclusions of Law, the trial court found that Yingling failed to show that he had any legal interest in the monies that were the subject of the suit and that he was unaware that the monies were in the vehicle at the time he released the vehicle to Keele.

We will review these findings on the bases of legal and factual sufficiency. We must first examine the legal sufficiency. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981); *Seelbach v. Clubb*, 7 S.W.3d 749, 754 (Tex.App.—Texarkana 1999, pet. denied). When a party challenges the legal sufficiency of an adverse finding on an issue on which it had the burden of proof, it must demonstrate that the evidence conclusively established all vital facts in support of the issue. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989); *Icom Sys., Inc. v. Davies*, 990 S.W.2d 408, 410 (Tex.App.—Texarkana 1999, no pet.). In reviewing a legal sufficiency challenge, we must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the finding, we must then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.*

Reviewing the record for evidence that supports the trial court's finding, we note that Yingling admitted he did not know the money was in the S.U.V. when he bought it and that it was just as possible that Keele or his passenger put the money in there. The evidence is therefore legally sufficient to support the trial court's finding.

For the same reason, the evidence is also factually sufficient to support the trial court's finding. When considering a factual sufficiency challenge to the evidence, we review the entire record and set aside the verdict only if it is against the great weight and preponderance of the evidence so that it is clearly wrong and unjust. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989); *Facciolla v. Linbeck Constr. Corp.*, 968 S.W.2d 435, 445 (Tex.App.—Texarkana 1998, no pet.).

---

1. A forfeiture proceeding can be *in rem* in nature under Article 59.04(k) if no person was in possession of the property at the time it was seized and the owner of the property is unknown. TEX.CODE CRIM.PROC.ANN. art. 59.04(k) (Vernon Supp.2001). This provision requires citation by publication.

We must be mindful that the trial court was not convinced by a preponderance of the evidence. *Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988); *Facciolla,* 968 S.W.2d at 445. We may not substitute our opinion for that of the trier of fact merely because we might have reached a different conclusion. *Facciolla,* 968 S.W.2d at 445.

Yingling presented no evidence that Keele, Keele's passenger, or anyone else with regular access to the S.U.V. did not put the money in the panel. Instead, Yingling presented only speculation that the money was in the S.U.V. when he bought it. Such speculation will not support his burden to prove that he had an interest in the money.

Yingling has not demonstrated to this court that the trial court as fact finder erred in determining that he had no ownership in the property in question. We conclude that Yingling has not shown himself to be the true owner of the money in question. We also conclude that there is nothing in this proceeding indicating the State of Texas has fulfilled its burden under the forfeiture statute to show that the property in question was contraband, and there is no judgment of forfeiture of the property as required by Article 59.05 and Chapter 59 generally of the Texas Code of Criminal Procedure.

Because Yingling has not shown standing to challenge this proceeding, the court's order denying his Motion to Return Funds is affirmed.