In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00080-CV
______________________________


DANNY RAY BOYD, Appellant
 
V.
 
WOOD COUNTY SHERIFF'S DEPARTMENT, Appellee


                                              

On Appeal from the 402nd Judicial District Court
 Wood County, Texas
Trial Court No. 2004-141


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            On June 23, 2005, Danny Ray Boyd, appellant, asked this Court for an extension of time in
which to file his notice of appeal. This Court granted that extension and set a due date of July 13,
2005. Boyd took no further action before this Court. On October 26, 2005, we notified Boyd that
he must file any brief he wished to present in this Court, along with a letter explaining his failure to
comply with the Texas Rules of Appellate Procedure, no later than November 10, 2005. Boyd has
made no effort to comply with these directives.



             Pursuant to Tex. R. App. P. 38.8(a)(1) and 42.3(b), we dismiss the appeal for want of
prosecution. 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          November 30, 2005
Date Decided:             December 1, 2005



band is
money that is derived from or intended for use in manufacturing, delivering, selling, or possessing
a controlled substance. Tex. Code Crim. Proc. Ann. arts. 59.01, 59.02; $24,156.00 in U.S.
Currency  v.  State,  No.  06-07-00061-CV,  2008  WL  320518,  at  *743  (Tex.  App.--Texarkana
Feb. 7, 2008, no pet.); $27,920.00 in U.S. Currency v. State, 37 S.W.3d 533, 535 (Tex.
App.--Texarkana 2001, pet. denied).

 The statute places on the State the burden of proving, by a preponderance of the evidence,
that the item being forfeited is subject to forfeiture. In re One Man's Rolex Watch Yellow Gold, 223
S.W.3d 451, 452 (Tex. App.--Amarillo 2006, no pet.). Although defenses and explanations are
useful tools for analysis, the burden of proof (6) remains on the State to prove the funds were
contraband, not on the owner (7) to prove the source or purpose of the funds.

(1) The Evidence Is Legally Sufficient

 Under civil preponderance-of-the-evidence standards, evidence is legally insufficient only
when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law
or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence
offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence establishes
conclusively the opposite of the vital fact. City of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex.
2005); Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998). The final test
for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded
people to reach the verdict under review." Wilson, 168 S.W.3d at 827. In making this
determination, we credit favorable evidence if a reasonable fact-finder could credit it, and disregard
contrary evidence unless a reasonable fact-finder could not disregard it. Id. This is more than a mere
question of whether "evidence exists that has some remote relation to the verdict." Id. So long as
the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment
for that of the fact-finder. Id. at 822. The trier of fact is the sole judge of the credibility of the
witnesses and the weight to give their testimony. Id. at 819. Although we consider the evidence in
a light most favorable to the challenged findings, indulging every reasonable inference that supports
them, we may not disregard evidence that allows only one inference. Id. at 822.

 Here, the State found a group of individuals in an almost-new pickup truck with $130,510.00
in cash shrink-wrapped and tucked beneath the carpet in the back of the truck's cab. A drug dog
alerted on the outside of the truck, on the driver and passenger sides, and on the bottom of a trash
can in the DPS station house. Beneath the trash can were wrappings taken from the money. 
Troopers described the wrappings as being shrinkwrap and tape previously containing the rubber-banded stacks of cash. Both Manuel and Heron have records for possession of large quantities of
marihuana. When asked by officers on the scene if the truck contained any large quantities of cash,
Heron and Espinoza initially denied it.

 In Deschenes v. State, 253 S.W.3d 374 (Tex. App.--Amarillo 2008, no pet.), evidence was
presented that a drug dog alerted on bags in the trunk of a vehicle, bags which had held money
wrapped and rubber-banded together; and the arresting officer thought Deschenes was acting
nervously and found a set of scales in the car. The appellate court found the evidence legally
insufficient under the criminal burden of proof to support Deschenes' conviction for money
laundering. (8)

 On the other hand, a seizure was upheld where a large amount of cash was found, folded,
rubber-banded, and put in plastic bags, and with fabric softener sheets then wrapped around those
bundles. State v. $104,000.00 in U.S. Currency, No. 04-04-00608-CV, 2005 WL 2012341, at *2
(Tex. App.--San Antonio Aug. 24, 2005, no pet.) (mem. op., not designated for publication). That
court, however, placed emphasis on the use of fabric softener sheets used in bundling the cash and
on evidence that such sheets were used to foil drug-detection dogs. While there is no testimony in
this record about the purpose of shrink wrapping funds, a logical inference could equate shrink-
wrapping--which describes vacuum-sealing something inside an airtight plastic covering--with the
use of fabric softener sheets. Both logically could be seen as means of defeating drug-detection
dogs: fabric softener sheets would attempt to mask the odor of drugs with another scent, while
shrink-wrapping would attempt to seal the odor of drugs inside an airtight package.

 For the purpose of this legal-sufficiency analysis, we credit the above evidence supporting
the forfeiture and disregard contrary evidence. The evidence falls within the zone of reasonable
disagreement. Therefore, the evidence is legally sufficient.

(2) The Evidence Is Factually Insufficient

 When considering a factual sufficiency challenge, we must consider and weigh all of the
evidence, not just that evidence which supports the verdict. Mari. Overseas Corp. v. Ellis, 971
S.W.2d 402, 407 (Tex. 1998). The trial court's findings of fact have the same force and dignity as
a jury's verdict on jury questions, and are reviewed for legal and factual sufficiency of the evidence
to support them by the same standards that are applied in reviewing the legal or factual sufficiency
of the evidence supporting a jury's answer to a jury question. Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex. 1996); City of Hughes Springs v. Hughes Springs Volunteer Ambulance Serv., 223 S.W.3d
707, 716 (Tex. App.--Texarkana 2007, no pet.). A court of appeals must consider and weigh all of
the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against
the great weight and preponderance of the evidence that it is clearly wrong and unjust. Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001) (citing Pool v. Ford Motor Co., 715 S.W.2d 629,
635 (Tex. 1986)).

 "[W]hen circumstantial evidence of a vital fact is meager, a reviewing court must consider
not just favorable but all the circumstantial evidence, and competing inferences as well." Wilson,
168 S.W.3d at 814. While it is true that the evidence before the trial court supports an inference that
the money may have been in close proximity to narcotics, it does little more and is entirely
circumstantial.

 The only pieces of evidence affirmatively connecting the cash and illegal drugs are the alerts
of a drug dog on the exterior of the truck and at the bottom of a trash can under which some
wrappings from the money had been placed. That is some evidence of a connection between the
cash and illegal drugs. See State v. $11,014.00, 820 S.W.2d 783, 785 (Tex. 1991). Of course,
simply possessing and hiding a quantity of cash is insufficient to prove money laundering. See
Cuellar v. United States, __ U.S. __, 128 S.Ct. 1994, 2003 (2008). The evidence here provides a
quite attenuated connection between the cash and illegal substances. In fact, the rest of the State's
evidence is entirely circumstantial and provides mere suspicious circumstances. The question
becomes how to evaluate the sufficiency of the evidence on this specific record. When evaluating
the factual sufficiency of the evidence, we cannot ignore the evidence that Manuel had access to
millions of dollars and testified that he chose to carry cash with him to Little Rock to buy a house. 
Manuel testified he had previously purchased a house with cash.

 While the trial court was able to view the witnesses and judge their credibility, Manuel
presented strong factual evidence explaining the presence of the large sum of cash. That evidence
showed he had received a multi-million-dollar wrongful death settlement after his son died in a
house fire. That claim was corroborated with documentary evidence.

 In a newspaper article reporting on the fire in which his son died, Manuel was quoted saying
that he did not believe in banks and that he had lost several thousand dollars in cash in the fire. 
When the State cross-examined Manuel on the wisdom of previously keeping cash on hand and his
continuation of the practice, he explained that he could not control "things that God does," but that
he now owned a fireproof box. 

 On the State's side of the case, the dog alert on the bottom of a trash can is subject to a few
difficulties. The steps used in handling the wrappings and, more specifically, in how some of those
wrappings may have come to be under the trash can on which the drug dog alerted, were not proven
in an ideal way. Crooks, the officer who conducted the traffic stop and arrested Heron and Espinoza,
testified that he took the wrappings off the money and later hid those wrappings at the DPS station;
Lubbe, the "seizing officer" in the case, did not confirm that Crooks or Lubbe put the wrappings
under the trash can; and Beasley, handling the drug dog, said he was told the wrappings under the
can had come from the money. "Evidence that is so slight as to make any inference a guess is in
legal effect no evidence." Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004), citing 
Lozano v. Lozano, 52 S.W.3d 141, 148 (Tex. 2001). While we are not concluding that the trash-can-sniff evidence is no evidence, we are charged with crediting only the evidence that is in the record,
not facts that are not proven but only surmised. This evidence is weakened by the relatively loose
connections in the way it was presented.

 Possession of a large sum of money is not illegal in and of itself. $27,920.00 in U.S.
Currency v. State, 37 S.W.3d 533, 535 (Tex. App.--Texarkana 2001, pet. denied); see also
$136,205.00 v. State, 848 S.W.2d 888, 891 (Tex. App.--Houston [14th Dist.] 1993, no writ) (despite
evidence of marihuana, drug paraphernalia, and large amount of cash at residence, positive dog alert
on safety deposit box at bank was insufficient to connect deposit-box funds to marihuana confiscated
at residence).

 Since the evidence supporting the forfeiture is entirely circumstantial and attenuated, we are
to consider not only the competing evidence, but the "competing inferences," those militating against
forfeiture. See Wilson, 168 S.W.3d at 814.

 Beyond allegedly inconclusive evidence, the State relied on the drug dog's indications. But
a drug dog's alert is just probable cause to continue investigating, not conclusive proof the money
has been exposed to a controlled substance--even if the dog had actually alerted on the money itself,
rather than on a vehicle and on a location where wrappings from the money had been placed. We
find informative a case from Minnesota pointing out the inadequacies of drug dog indications, which
pointed out (a) the subjectivity of interpreting the drug dog's alert, (b) the subjectivity of the dog, and
(c) the inability to cross-examine the dog. See Jacobson v. $55,900.00, 728 N.W.2d 510 (Minn.
2007).

 When considering the relatively weak evidence in favor of forfeiture in light of the evidence
against it, we conclude the evidence is factually insufficient (9) to demonstrate a substantial nexus
between the money seized and criminal activity. See $11,014.00, 820 S.W.2d at 784; $56,700.00
in U.S. Currency v. State, 730 S.W.2d 659 (Tex. 1987). We also heed the Texas Supreme Court's
recent cautions regarding evidence so meager as to support conflicting inferences. See Kroger Tex.
Ltd. P'ship v. Suberu, 216 S.W.3d 788, 795 (Tex. 2006).

 For that reason, though we find the evidence legally sufficient to support the trial court's
judgment of forfeiture, we find the evidence factually insufficient to support it. We reverse the
judgment and remand this case to the trial court for a new trial.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 9, 2008

Date Decided: September 12, 2008




 

1. Manuel Alvarez and Heron Alvarez will be referred to herein by their first names, to
distinguish between the two brothers.
2. Manuel, the owner of the truck and real party in interest, testified he had purchased the truck
about two weeks before the traffic stop. 
3. Marihuana, methamphetamine, cocaine, or heroin.
4. Crooks appears inconsistent here. He first said he found one bundle at the scene, then five
more when he continued his search at the DPS station. Later, he said he found three bundles at the
scene. 
5. While those things are in evidence, we are skeptical that such evidence offers any probative
value to support the State's case. In numerous forfeiture cases, we have seen testimony from various
officers that a large number of roads in east Texas are "drug corridors" and no suggestion that any
east Texas roads are not drug corridors. We also find it questionable that facts traditionally seen as
suggesting innocence become suspicious when the government may be able to confiscate an item
of substantial value by recasting such facts.
6. Though no affirmative defense is relevant here, after the State meets its burden of proof, an
innocent owner may establish the statutorily created affirmative defense of an innocent owner. Tex.
Code Crim. Proc. Ann. art. 59.02(c). To prevail under that defense, once the State has met its
burden, the burden shifts to the party claiming the defense to prove he or she acquired an ownership
interest in the property prior to, or during, the act giving rise to forfeiture. Id.; State v. Thirty
Thousand Six Hundred Sixty Dollars & No/100, 136 S.W.3d at 410; Bochas v. State, 951 S.W.2d
64, 71 (Tex. App.--Corpus Christi 1997, pet. denied).
7. The State claimed Manuel offered insufficient explanation for his possession of such a large
sum of cash, but it was not his burden to do so, until the State first proved by a preponderance of the
evidence it had probable cause to seize the money.
8. Controversy surrounds the "currency contamination" theory--that at least seventy-five
percent of all United States currency has some traces of cocaine contamination. Thus, some courts
conclude dog alert evidence is not probative. See Muhammed v. Drug Enforcement Agency, 92 F.3d
648 (8th Cir. 1996); United States v. $5,000.00 in U.S. Currency, 40 F.3d 846 (6th Cir. 1994). Other
courts have recently found that a properly trained drug detection dog will alert on only methyl
benzoate, a cocaine component that evaporates rapidly from the surface of paper currency. See
United States v. Funds in the Amount of $30,670.00, 403 F.3d 448, 455-60 (7th Cir. 2005). Some
courts require the State to show a "sophisticated dog alert," an alert resulting from a drug detection
dog trained to alert, not on just any cocaine residue, but only on the odor of methyl benzoate. See
In re Sumareh v. Doe (In re $80,045.00 in United States Currency), 161 F. Appx. 670, 671 (9th Cir.
2006); United States v. $22,474.00 in United States Currency, 246 F.3d 1212, 1216 (9th Cir. 2001). 
The issues now before us do not require us to take a position in that debate.
9. In  another  forfeiture  case  we  are  deciding  at  this  time,  $43,774.00 v. State, our cause
number 06-07-00126-CV, we find the evidence factually sufficient to support a forfeiture. In that
case, the evidence tending to controvert the forfeited property's nexus with illegal activity was
significantly weaker and not documented in nearly the same way as the evidence in this case.