NO. 07-10-0039-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 FEBRUARY 1, 2011

 SIX THOUSAND NINETY FIVE DOLLARS AND EIGHTY-FIVE CENTS
 U.S. CURRENCY ($6,095.85) (JAMES ORTIZ), APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

 NO. 60,312-B; HONORABLE JOHN B. BOARD, JUDGE

Before QUINN, C.J., HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Six Thousand Ninety Five Dollars and Eighty-Five
Cents U.S. Currency ($6,095.85) (James Ortiz) ("Ortiz"), appeals the
trial court's order granting summary judgment in the State's favor in
a proceeding seeking forfeiture of $6,095.85, pursuant to Chapter 59
of the Texas Code of Criminal Procedure.[1] In two points of error,
Ortiz asserts the State's evidence in support of its motion for
summary judgment was (1) legally and (2) factually insufficient.
Because we lack subject matter jurisdiction, we dismiss this
appeal.[2]

 Subject Matter Jurisdiction---Standing

 A threshold question in any case is whether the court has
subject matter jurisdiction over the pending controversy. Texas Ass'n
of Business v. Texas Air Control Bd., 852 S.W.2d 440, 443-44 (Tex.
1993). Standing is a constitutional prerequisite to maintaining any
suit; South Texas Water Authority v. Lomas, 223 S.W.3d 304, 307 (Tex.
2007), without which a court lacks subject matter jurisdiction to hear
a case. Austin Nursing Center, Inc. v. Lovato, 171 S.W.3d 845, 849
(Tex. 2005); Potter County Attorney's Office v. Stars & Stripes
Sweepstakes, L.L.C., 121 S.W.3d 460, 467 (Tex.App.--Amarillo 2003, no
pet.).[3] Standing must exist at every stage of the legal
proceedings, including appeal; Williams v. Lara, 52 S.W.3d 171, 184
(Tex. 2001), and may be raised by the court sua sponte for the first
time on appeal. Univ. of Texas Sw. Med. Ctr. v. Loutzenhiser, 140
S.W.3d 351, 358 (Tex. 2004). Whether a court has subject matter
jurisdiction is a question of law that we review de novo. First
National Bank v. Fernandez, 315 S.W.3d 494, 502 (Tex. 2010).

 Chapter 59 authorizes the State to pursue forfeiture of funds
that constitute proceeds from illegal drug trafficking. See art.
59.01-.14. A forfeiture proceeding under Chapter 59 is a civil en rem
proceeding governed by the procedural rules applicable to civil trials
and appeals generally. State v. Silver Chevrolet Pickup, 140 S.W.3d
691, 692 (Tex. 2004) (per curiam). See art. 59.05(a), (b). In the
statutory scheme, property, including currency, is subject to seizure
and forfeiture if it is found to be contraband. Art. 59.02(a).
Contraband is property used or intended to be used in the commission
of certain felonies, or proceeds derived from those felonies. Art.
59.01(2)(A)-(D). See Silver Chevrolet Pickup, 140 S.W.3d at 692.

 "Standing focuses on the question who may bring an action."
Patterson v. Planned Parenthood, 971 S.W.2d 439, 442 (Tex. 1992).
Although a person need only be in possession of the property at the
time it was seized to be made a party to the forfeiture proceeding;
art. 59.04(j), only property "owners" or "interest holders"[4] are
permitted to challenge the forfeiture of property to the State. Art.
59.02(h)(1).[5] A person must also be either an "owner" or "interest
holder" of the forfeited property to have standing to challenge the
forfeiture on appeal. See $27,920.00 v. State, 37 S.W.3d 533, 538
(Tex.App.--Texarkana 2000, pet. denied); $17,329.00 v. State, 880
S.W.2d 788, 789 (Tex.App.--Houston [1st Dist.] 1993, no writ).

 Throughout the proceedings below, Ortiz consistently maintained
that his mother owns the cash at issue. In his motion for summary
judgment and motion for a new trial filed with the trial court, he
stated the money belongs to his mother. On appeal, he continues to
aver in his brief and an attached statement that the money belongs to
his mother. Having asserted no property interest, ownership or
otherwise, in the money at issue, Ortiz lacks standing to appeal its
forfeiture to the State. See $27,920.00, 37 S.W.3d at 538;
$17,329.00, 880 S.W.2d at 789.

 Conclusion

 Lacking subject matter jurisdiction of Ortiz's claim, we dismiss
this appeal.

 Patrick A. Pirtle
 Justice
-----------------------
[1]For convenience, Chapter 59 of the Texas Code of Criminal Procedure
will be cited throughout the remainder of this opinion as "Chapter
59," and provisions of the Texas Code of Criminal Procedure will be
cited as "article _______" or "art. _______." See art. 59.01-.14
(West 2006 and West Supp. 2010).

[2]"When a court lacks jurisdiction, its only legitimate choice is to
dismiss." In re John G., 315 S.W.3d 519, 522 (Tex. 2010) (quoting
State v. Morales, 869 S.W.2d 941, 949 (Tex. 1994)).

[3]The standing requirement, implicit in the open courts provision of
the Texas Constitution, Tex. Const. art. I, § 13 ("All courts shall be
open, and every person for an injury done to him, in his lands, goods,
person or reputation, shall have a remedy by due course of law."),
contemplates access to the courts only for those litigants suffering
actual injury. The M.D. Anderson Cancer Center v. Novak, 52 S.W.3d
704, 708 (Tex. 2001).

[4]For purposes of Chapter 59, an "owner" is "a person who claims an
equitable or legal ownership interest in property"; art. 59.01(6), and
an "interest holder" is a "bona fide holder of perfected lien or a
perfected security interest in the property. Art. 59.01(4).

[5]Chapter 59 states, in pertinent part, as follows:

 (h)(1) An owner or interest holder's interest in property may not
 be forfeited under this chapter if at the forfeiture hearing the
 owner or interest holder proves by a preponderance of the
 evidence that the owner or interest holder was not a party to the
 offense giving rise to the forfeiture and that the contraband;

 (A) was stolen from the owner or interest holder before being
 used in the commission of the offense giving rise to the
 forfeiture;

 (B) was purchased with:

 (i) money stolen from the owner or interest holder; or

 (ii) proceeds from the sale of property stolen from the
 owner or interest holder; or

 (C) was used or intended to be used without the effective consent
 of the owner or interest holder in the commission of the offense
 giving rise to the forfeiture.