**Opinion filed November 12, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00353-CV

_____

## 2000 BLACK FORD F-150, TEXAS LICENSE PLATE 21LKN5, VIN: 1FTRX18L6YKA80489, ET AL., Appellants

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 43rd District Court**
**Parker County, Texas**
**Trial Court Cause No. CV12-0538**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a civil forfeiture proceeding brought by the State in which it sought to forfeit certain items of personal property that belonged to Jimmy Wayne Mack.[1]  The trial court found that a 2000 Ford F-150 pickup, a KTM dirt

---

[1]Under a docket equalization order, the Supreme Court of Texas transferred this appeal from the Second Court of Appeals to the Eleventh Court of Appeals.  As required under TEX. R. APP. P. 41.3, we will decide this case in accordance with the precedent of the Second Court of Appeals.

bike, a cargo trailer, a Blazer Bay boat and trailer, a lawn mower, and a Toshiba laptop computer were contraband under Chapter 59 of the Texas Code of Criminal Procedure[2] and ordered that they be forfeited. *See* CRIM. PROC. art. 59.02. Appellant appeals the trial court's finding that certain items were contraband. We affirm.[3]

Forfeiture proceedings of seized property are civil in nature. *Id.* art. 59.05(b). Neither findings of fact nor conclusions of law were timely requested or filed, although the trial court issued a letter that explains, in part, its final judgment. When no findings of fact are filed, the appellate court must presume that the trial court made all the necessary findings to support the judgment. *$162,950 in Currency of U.S. v. State*, 911 S.W.2d 528, 529 (Tex. App.—Eastland 1995, writ denied). We must affirm the judgment if it can be upheld on any legal theory that finds support in the evidence. *Id.*

In a forfeiture proceeding, the State must prove by a preponderance of the evidence that the property seized is contraband and, therefore, that the property is subject to forfeiture. CRIM. PROC. arts. 59.02(a), 59.05(b); *$162,950 in Currency of U.S.*, 911 S.W.2d at 529. Contraband is defined as "property of any nature, including real, personal, tangible, or intangible, that is used or intended to be used in the commission of any felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act)." *Id.* art. 59.01(2)(B)(i). The State is not required to prove that a specific crime was committed. *$162,950 in Currency of U.S.*, 911 S.W.2d at 529.

---

[2]TEX. CODE CRIM. PROC. ANN. ch. 59 (West 2006 & Supp. 2014).

[3]On this same day in companion cases, *1998 Black Mitsubishi 3000 GT, Texas LP #811PKJ, VIN JA3AM44H9WY001446, et al. v. State*, No. 11-13-00350-CV, and *A 5 Acre Tract of Land and All Improvements Thereupon, Bearing the Address: 1483 Friendship Road, Weatherford, Parker County, Texas 76085 v. State*, No. 11-13-00352-CV, we have affirmed the judgments in which Appellant was ordered to forfeit both real and personal property to the State in trial court cause nos. CV12-0542 and CV12-0976.

When we consider a legal sufficiency challenge, we review all of the evidence in the light most favorable to the trial court's judgment and indulge every reasonable inference in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We credit any favorable evidence if a reasonable factfinder could and disregard any contrary evidence unless a reasonable factfinder could not. *Id.* at 821–22, 827. We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the trial court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Id.* at 810.

When we review a factual sufficiency challenge, we consider all of the evidence and uphold the finding unless it is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). But factfinders "are the sole judges of the credibility of the witnesses and the weight to give their testimony. They may choose to believe one witness and disbelieve another." *City of Keller*, 168 S.W.3d at 819 (footnote omitted). If the evidence at trial would enable reasonable minds to differ in their conclusions, we do not substitute our judgment, so long as the evidence falls within the zone of reasonable disagreement. *Id.* at 822.

First we address Appellant's contention that the trial court was prohibited from ordering the forfeiture of the Ford F-150 pickup, the cargo trailer, and the Blazer Bay boat and trailer. Appellant asserts that, even though the trial court concluded that Appellant was not an interest owner in these three items, the State claimed them because Appellant possessed each of them and because they were used or intended to be used in the commission of a felony. Darrel Mack is the listed owner of the Ford F-150; Conti Partners is the listed owner of the cargo trailer; and Thomas Adkins is the listed owner of the Blazer Bay boat and trailer. Darrel Mack, Conti

Partners, and Thomas Adkins were all parties to the forfeiture proceedings. As Appellant concedes, the trial court concluded that Appellant was not an interest owner in these three items. In a forfeiture case, one who has no standing cannot obtain a reversal because he has no property right or interest in the forfeited property. *$27,920.00 in U.S. Currency v. State*, 37 S.W.3d 533, 537 (Tex. App.—Texarkana 2001, pet. denied); *cf. $574.37 U.S. Coin & Currency v. State*, No. 2-06-434-CV, 2008 WL 623793 (Tex. App.—Fort Worth March 6, 2008, no pet.) (mem. op.). Because he owned no interest in them, we hold that Appellant does not have standing to challenge the forfeiture of these three items. We dismiss the appeal as to the Ford F-150 pickup, the cargo trailer, and the Blazer Bay boat and trailer.

Appellant also argues that there was insufficient evidence to show that the items ordered to be forfeited were contraband. We disagree. Appellant was a known drug dealer and admitted to Deputy Cyrus Crum of the Parker County Sheriff's Office that he had dealt drugs between 2006 and 2012. Additionally, he had pleaded guilty in federal court to conspiracy to distribute and possess with intent to distribute a controlled substance and was assessed punishment at twenty years in prison. Officer David Bravo of the Weatherford Police Department testified that the items were seized from Appellant's home and that it was his belief that these items were either used in the course of the commission of a felony or were proceeds gained from the commission of this felony. Deputy Crum testified that Appellant confirmed that he had not worked since he worked at Southwest Ford around 2006. Further, there was no evidence that Appellant had any other legitimate source of income or a steady paying job in recent years. However, Deputy Crum stated that "dope notes" found in a red notebook at Appellant's home included details of approximately $95,000 in methamphetamine sales. Additionally, Appellant acknowledges that the evidence was "overwhelming and uncontroverted" that his residence was used in the

4

commission of a felony. We hold that the evidence is legally sufficient to support the trial court's finding that the items seized were contraband.

Appellant highlights Deputy Crum's testimony that Appellant periodically purchased, repaired, and resold cars for a profit; gambled regularly; and frequented game rooms. But there is no evidence that Appellant obtained income on a regular basis from any of those activities. Appellant also elicited testimony from Officer Bravo that, during the time Appellant was unemployed, it was not possible for him to have a job for two of those years because he was in prison. We cannot say that the trial court's findings were so against the overwhelming weight of the evidence as to be clearly wrong and unjust. We hold that the evidence is both legally and factually sufficient to support the trial court's findings that the KTM dirt bike, lawn mower, and Toshiba laptop computer were contraband. We overrule Appellant's sole point of error.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


November 12, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.