

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00306-CV

THE STATE OF TEXAS, APPELLANT

V.

TEN THOUSAND TWO HUNDRED FOURTEEN DOLLARS ($10,214.00), APPELLEE

On Appeal from the 69th District Court
Sherman County, Texas
Trial Court No. 5343, Honorable Ron Enns, Presiding

April 1, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

In this civil forfeiture case under Chapter 59 of the Texas Code of Criminal Procedure,[1] the State of Texas appeals a summary judgment rendered in favor of appellee Andre Dyer Faina.  Through one issue, the State argues it responded to Faina's no-evidence motion for summary judgment with more than a scintilla of evidence that the currency law enforcement officers seized from Faina was "contraband" as defined by

---

[1] TEX. CODE CRIM. PROC. ANN. arts. 59.01-59.14 (West 2018 & West Supp. 2019).

Code of Criminal Procedure article 59.01(2). Concluding the State failed to meet its summary judgment burden, we will overrule its issue and affirm the judgment of the trial court.

Background

Shortly after midnight on a Tuesday in May 2017, Sherman County deputy sheriffs Alfonso Garay and Aaron Estrada were on patrol in Stratford, Texas. They observed a vehicle driven by Faina fail to signal a right turn within 100 feet of an intersection.[2] Estrada activated the patrol vehicle's emergency lights and followed Faina. When Faina did not stop, Estrada also activated the siren. Faina continued on for some two blocks with the deputies in pursuit before stopping in a convenience store parking lot.

Believing Faina had committed the offense of evading arrest or detention[3] the deputies placed him in handcuffs. Canine officer Richard Coborn of the Stratford police department arrived at the stop and allowed his dog to perform a free air sniff of Faina's vehicle. According to Garay's affidavit, "Coborn indicated his K-9 gave positive alert for the presence of illegal odor of narcotics emitting from the inside of Faina's vehicle."

Estrada then searched the vehicle's interior and in a compartment under the driver's seat discovered between $9,414 and $10,214 in United States currency. Coborn later placed the currency from Faina's vehicle in a cardboard box, where another canine sniff alerted that the currency "had or has been around illegal narcotics."

---

[2] *See* TEX. TRANSP. CODE ANN. § 545.104(b) (West Supp. 2019) (stating that "[a]n operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn").

[3] TEX. PENAL CODE ANN. § 38.04 (West 2016).

2

Faina told Garay he was traveling from Houston to Henryetta, Oklahoma, to visit his mother. When Garay responded that Faina was headed in the wrong direction, Faina explained he took an exit in Dallas that brought him to Stratford. Faina added to his explanation that his sister was "graduating." Faina also told Garay he worked as an electrician and had previously been in trouble in Houston for a "little amount" of marijuana. When Estrada questioned Faina about the currency, he responded that he was taking it to his mother to repay a debt and intended to give a portion to his sister. Faina then told the deputy he had been working for about three and a half years. When asked by Estrada if he was bound for Colorado, Faina responded, "'Not right now.'"

When the dispatcher notified the deputies that Faina was wanted on an outstanding New Mexico warrant for possession of marijuana, they placed him under arrest. Specifics surrounding the warrant indicated Faina was arrested in August 2016 for transporting six pounds of marijuana from Colorado. Faina's arrest history also included a 2016 arrest in Houston for possession of over two pounds of marijuana. No evidence indicates whether Faina was ever convicted of these alleged crimes.

The deputies transported Faina to the sheriff's office where he voluntarily spoke with them and consented to a search of his cellphone. A map on the phone contained a highlighted route from Wichita Falls to the Denver, Colorado area. When Garay confronted Faina with this fact and that the phone contained no map data for an address in Oklahoma, Faina, responded that his sister graduated the previous weekend.

The State filed the underlying lawsuit seeking forfeiture of the seized funds discovered in Faina's vehicle, alleging the currency was contraband as defined in section

3

59.01(2) of the Texas Code of Criminal Procedure. Faina answered and subsequently filed a no-evidence motion for summary judgment, asserting that the State had no evidence the seized currency was contraband under the statute. The State responded with a single affidavit of deputy Garay. The trial court granted Faina's motion and rendered judgment directing the State to restore the seized currency to Faina. This appeal followed.

Analysis

In a single issue, the State argues the trial court erred in rendering summary judgment for Faina because it presented more than a scintilla of evidence that the currency was contraband under the statutory definition. Specifically, the State argues the summary judgment evidence, including all inferences to be drawn therefrom, raised a genuine issue of material fact that Faina "was going to use the money to drive to Colorado and buy large amounts of marijuana."

A no-evidence motion for summary judgment is essentially a pretrial motion for directed verdict, and we apply the same legal sufficiency standard of review. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750-51 (Tex. 2003); *Gray v. Woodville Health Care Center,* 225 S.W.3d 613, 616 (Tex. App.—El Paso 2006, pet. denied). After the movant specifies which essential elements of the non-movant's case are devoid of evidentiary support, the burden shifts to the non-movant to produce summary judgment evidence raising a genuine issue of material fact regarding each challenged element. *Bank of Am., N.A. v. Lilly,* No. 07-11-00154-CV, 2012 Tex. App. LEXIS 6306, at *2 (Tex. App.—Amarillo July 31, 2012, no pet.) (mem. op.). The non-movant meets this burden, thereby defeating

4

the no-evidence motion, by producing more than a scintilla of evidence in support of each challenged element. *Gray,* 225 S.W.3d at 616. When the evidence offered to prove a vital fact is so weak that it does no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *King Ranch, Inc.,* 118 S.W.3d at 751. More than a scintilla of evidence exists if the evidence provides some reasonable basis for reasonable minds to reach differing conclusions about the existence of a vital fact. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.,* 77 S.W.3d 253, 262 (Tex. 2002).

A forfeiture proceeding under Chapter 59 of the Code of Criminal Procedure is a matter of civil law. *2000 GMC Sierra Truck v. State,* No. 07-16-00356-CV, 2018 Tex. App. LEXIS 5575, at *4 (Tex. App.—Amarillo July 23, 2018, no pet.) (mem. op.); TEX. CODE CRIM. PROC. ANN. art. 59.05(a), (b) (West 2018). The proceeding is an action in rem against contraband. *State v. Silver Chevrolet Pickup,* 140 S.W.3d 691, 692 (Tex. 2004) (per curiam); *see Money of the United States in the Amount of $1,217 v. State,* No. 07-18-00040-CV, 2018 Tex. App. LEXIS 9651, at *5 (Tex. App.—Amarillo Nov. 27, 2018, no pet.) (per curiam, mem. op.) (explaining that property that is contraband is subject to seizure and forfeiture). As applicable here, contraband means property of any nature that is used or intended to be used in the commission of any felony under Chapter 481 of the Texas Health and Safety Code (the Texas Controlled Substances Act). TEX. CODE CRIM. PROC. ANN. art. 59.01(2)(B)(i) (West Supp. 2019). It is the State's burden in a forfeiture case to prove by a preponderance of the evidence that the property in question is subject to forfeiture. TEX. CODE CRIM. PROC. ANN. art. 59.05(b); *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235),* 390 S.W.3d 289,

5

293 (Tex. 2013) (citing *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State,* 730 S.W.2d 659, 661 (Tex. 1987)). In a forfeiture proceeding the State must establish probable cause exists for seizing the property. *One Thousand Six Hundred Four Dollars & Nine Cents ($1,604.09) in United States Currency v. State,* 484 S.W.3d 475, 479 (Tex. App.—Houston [14th Dist.] 2015) (citing *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State,* 730 S.W.2d 659, 661 (Tex. 1987)). Probable cause in the context of a forfeiture proceeding is a reasonable belief that a substantial connection exists between the property and the criminal activity defined by chapter 59. *Id.* at 293 (citing *United States v. $364,960.00 in U.S. Currency,* 661 F.2d 319, 323 (5th Cir. 1981)).

The State's evidentiary burden in response to Faina's no evidence motion was to present more than a scintilla of evidence of a substantial connection between the seized currency and the intended possession of a felonious quantity of marijuana. TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(3-5) (West 2017). Though the State urges it has sufficient evidence that Faina was driving to Colorado "to buy large amounts of marijuana,"[4] the relevant test is whether it presented evidence that the seized currency was intended to be used in the possession of a *felonious* quantity of marijuana, *i.e.*, more than four ounces. TEX. CODE CRIM. PROC. ANN. art. § 59.01(2)(B)(i); TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(3-5). *See also $7,058.84 in United States Currency v. State,* 30 S.W.3d 580, 586 (Tex. App.—Texarkana 2000, no pet.) ("[T]o prove that the money

---

[4] The State also urges it is "illegal" to intentionally or knowingly deliver marijuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.120 (a),(b) (West 2017). While that is certainly true, not all marijuana delivery constitutes a felony. *Id.* at § 481.120 (b)((1),(2). Moreover, the State presents no evidence regarding efforts by Faina to deliver felonious quantities of marijuana.

6

was subject to forfeiture for delivery or possession of marijuana, the State must prove that the money was used or intended to be used in the commission of, or was proceeds derived from, the delivery or possession of a felonious quantity of marijuana."). Intent to possess a felonious quantity of marijuana may be made via circumstantial evidence if it shows a substantial nexus between the currency and the defined criminal activity. *State v. $11,014.00*, 820 S.W.2d 783, 785 (Tex. 1991); *$7,058.84 in United States Currency,* 30 S.W.3d at 586.

Viewing all the summary judgment evidence in the light most favorable to the non-moving party, we hold that the State failed to present more than a scintilla of evidence that the seized currency constitutes contraband. Possession of large amounts of currency, standing alone, fails to show any nexus to a defined criminal activity. *Approximately $31,421.00 v. State,* 485 S.W.3d 73, 82 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *$ 27,920.00 in United States Currency v. State,* 37 S.W.3d 533, 535 (Tex. App.—Texarkana 2001, pet. denied) ("although drugs may be illicit, possessing large sums of cash alone is licit."). The evidence and all inferences support a finding that Faina was driving to Colorado when he was stopped in a routine traffic stop. Faina had prior *arrests* for drug-related offenses, but there is no evidence of any conviction. The evidence also suggests that Faina lied to deputies about his intended destination and that at least some of the currency found inside the compartment in Faina's vehicle "had or has been around illegal narcotics" at some point in time.[5] But reaching the conclusion urged

---

[5] This Court has previously held that a positive alert by a canine to the presence of drugs does not evidence that the currency was used in connection with a drug deal. *Deschenes v. State*, 253 S.W.3d 374, 384 n.19 (Tex. App.—Amarillo 2008, pet. ref'd). The State offered no evidence of the temporal relationship between the currency's contact with narcotics and the traffic stop, and offered no explanation of how the currency's contact supports its theory that Faina intended to purchase marijuana in the future.

7

by the State – that Faina was using all the seized funds with the intention of purchasing and possessing a felonious amount of marijuana -- would require us to impermissibly stack inference upon inference. *See Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 728 (Tex. 2003) ("some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence."); *Zavala v. Burlington N. Santa Fe Corp.*, 355 S.W.3d 359, 373 (Tex. App.—El Paso 2011, no pet.) ("Stacking inferences is insufficient to create a fact issue precluding summary judgment.").

The present record is distinct from the evidence before the Texarkana court in *$43,774.00 v. State*, 266 S.W.3d 178 (Tex. App.—Texarkana 2008, pet. denied). In that case, the court of appeals held that legally sufficient evidence supported the judgment when admitted expert testimony (1) explained that secret compartments found in a vehicle are generally used to conceal narcotics; (2) suggested a drug dog's alert showed a recent close proximity with illegal drugs; and (3) described how the manner in which the currency had been packaged was consistent with narcotics trade activity. Save for a conclusory statement that the currency was "contraband," the State attempted to proffer no opinion testimony about such evidence.

In sum, nothing more than surmise or suspicion supports a conclusion that Faina intended to use the seized currency to purchase a felonious quantity of marijuana. Whether more than a scintilla of evidence established a substantial connection between the currency and its alleged use for the purchase of marijuana is a question this record supplies more questions than answers. Accordingly, the State did not meet its no-evidence summary judgment burden of presenting more than a scintilla of evidence that the currency it seized was contraband.

8

## Conclusion

We overrule the State's issue on appeal and affirm the judgment of the trial court.


Lawrence M. Doss
Justice