$136,205.00 (Jack Lee JOHNSON), Appellant,

v.

The STATE of Texas, Appellee.

No. B14–92–00629–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 25, 1993.

Victor R. Blaine, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before MURPHY, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from the trial court's order that $136,000.00 recovered by Hous-ton police officers in the narcotics investigation of Jack Lee Johnson be forfeited to the state. In two points of error, appellant contends the evidence is legally, or in the alternative, factually insufficient to support the trial court's finding that the money was used or intended to be used, or were the proceeds gained from, the commission of a felony. We sustain appellants second point of error regarding factual insufficiency as pertains to a portion of the recovered funds. We, therefore, affirm the judgment in part, and reverse and remand in part.

On February 13, 1991, Houston police officers conducted surveillance of both a business and residence owned by Jack Lee Johnson. The officers believed Johnson to be involved in narcotics trafficking. Later that same day, Houston Police Officer Wall left the surveillance site in order to prepare a search warrant for both locations.

Upon execution of the search warrant for Johnson's home, officers found 97.1 grams of marijuana, 3 sets of scales, a roll of plastic wrap and a serving tray containing marijuana seeds. These items were found in the T.V. room. Further investigation revealed a locked safe, which was located in Johnson's bedroom closet. The officers forcibly opened the safe and found $94,-000.00 in currency and several hand guns. The safe also contained a key to a safety deposit box, located at the First Interstate Bank Fairbanks. Approximately $22,-220.00 of the money recovered from the bedroom closet safe was found in a cardboard box which had been sealed by tape.

After confiscating the marijuana, the surrounding paraphernalia, and the money from the safe, the officer placed an undetermined amount of the money in a kitchen cabinet. Castor, a trained narcotics detection dog, then made a positive alert upon the money.

That same day, officers searched Johnson's business and seized a pair of scales and a roll of clear plastic wrap.

The following day, Castor, the narcotics detection dog, was taken to the bank containing the safety deposit box to which the

key had been found. Castor alerted upon box # 349, the box which corresponded to the key which had been found in the bedroom closet safe. The officers obtained a search warrant for the box, and upon execution of that warrant, seized $40,000.00 in currency, and $1,485.00 in a savings account pass book. The safety deposit box also contained the titles to several automobiles.

At a subsequent hearing on the forfeiture proceeding, Johnson testified that the $22,220.00 found in the taped cardboard box belonged to a friend who had asked him to keep it while the friend was out of town. The rest of the money found in the bedroom closet safe allegedly belonged to either appellant's business associate, Able Automotive, or had been obtained through inheritance, lawsuits, gambling, or his auto business. Johnson also testified that the guns were part of his collection, or for recreational purposes, and the scales found in his home were used to weigh packages for mailing, or to weigh shrimp. Johnson explained that the marijuana found in his home was for his personal use, and not for sale. The trial court found that both the money recovered from the bedroom closet safe, and that seized from the bank safety deposit box, were contraband, and ordered that the money be forfeited to the state. In its final judgment, the trial court distributed the funds fifty percent (50%) to the City of Houston Police Department, twenty percent (20%) to the Chambers County Sheriff's Department, and thirty percent (30%) to the Harris County District Attorney's Office, Special Crimes Bureau.

■ In his first point of error Johnson asserts that there is no evidence to support the trial court's finding that the money confiscated pursuant to the narcotics investigation was contraband. In reviewing a no evidence point, we, as an appellate court, may only consider the evidence and inferences tending to support the trial court's judgment and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). If there is more than a scintilla of evidence to support the finding, the "no

evidence" challenge cannot be sustained. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987).

■ The Code of Criminal Procedure defines contraband as, "property of any nature, including real, personal, tangible, or intangible, that is; used or intended to be used in the commission of: any felony ... or the proceeds gained from the commission of a felony...." TEX.CODE CRIM.PROC. ANN. art. 59.01 (Vernon Supp.1992). The burden of proof in a forfeiture proceeding is on the state to show by a preponderance of the evidence that property is subject to forfeiture. TEX.CODE CRIM.PROC.ANN. art. 59.05(b) (Vernon Supp.1992).

■ In the present case, three triple-beam scales, plastic wrap, and 97.1 grams of marijuana were found in the same home in which a large amount of cash and several handguns were located in a safe in a nearby room. A trained narcotics detection dog alerted upon the confiscated money both at the residence and at the bank. While we agree with appellant that the presence of money at the same location in which narcotics are found does not conclusively establish that the money is used in the commission of a felony, it does, nonetheless, tend to demonstrate some evidence that the money was contraband. The positive alert by the detection dog on the safety deposit box, although tenuous, is more than a mere scintilla of evidence of a connection between the marijuana and the funds. Accordingly, point of error one is overruled.

In point of error two, appellant argues that the evidence is factually insufficient to support the finding that the money confiscated from his home and the safety deposit box was contraband. We hold that the evidence is sufficient to support the forfeiture of the money found in the bedroom closet safe, but falls short with regard to the currency located in the bank safety deposit box.

■ In determining a factual insufficiency point of error, we must examine and weigh all of the evidence and set aside the verdict only if it is so contrary to the

overwhelming weight of the evidence that it is clearly wrong and unjust. *Lofton v. Texas Brine Corp.,* 720 S.W.2d 804, 805 (Tex.1986); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

■ The $94,720.00 found in the bedroom closet safe was in close proximity with the 97.1 grams of marijuana and paraphernalia. That is to say that all of this evidence was found in the same residence. Furthermore, the surrounding circumstances such as the handguns, the large quantity of the cash in the bedroom safe, as well as the positive alert of the detection dog when the money was placed in the kitchen cabinet, all tend to establish a connection between the money in the bedroom safe and the marijuana. Additionally, since forfeiture proceedings are civil in nature, the standard of proof is a preponderance of the evidence, as opposed to beyond a reasonable doubt. Thus, the trial court, as the sole judge of credibility of the witnesses is entitled to determine whether the facts asserted by the appellant are believable in view of the surrounding circumstances. In light of the evidence, as well as recent Texas case law, we find that the evidence is sufficient to support the forfeiture of the money obtained from the bedroom closet safe. *See State v. $11,014.00,* 820 S.W.2d 783, 785 (Tex.1991); *$3,450.00 v. State,* 743 S.W.2d 759 (Tex.App.—El Paso 1988, writ denied).

■ We reach a different conclusion with regard to the money found in the bank safe deposit box, however. Only a key to the box was found in the safe located in Johnson's bedroom. Several car titles, a gold coin collection, and a plastic savings account passbook were found in addition to the $40,000.00 located at the bank. While the trained detection dog did alert on Johnson's deposit box, the state did not attempt to show that the dog alerted because of the scent of the money, as opposed to marijuana residue on the car titles or the gold coin collection. Furthermore, the safety deposit box was located a distance away from Johnson's residence where the marijuana was found. It is too tenuous to assume that if a quantity of narcotics is found in one's residence, then all money located anywhere outside that location must have been used either to obtain the narcotics, or was received in the sale of such. While we agree with the state that the positive alert upon the deposit box is some evidence that the money is contraband, thereby defeating a *legal* insufficiency argument, we cannot find that the state proved by a preponderance of the evidence that the deposit box funds were connected to the marijuana confiscated at Johnson's home. Point of error two is sustained as it pertains to the $40,000.00 confiscated from the deposit box at First Interstate Fairbanks.

Accordingly, we affirm that portion of the judgment as relates to the currency obtained from the bedroom closet safe, approximately $94,720.00. We reverse that part of the judgment dealing with the $40,000.00 from the safety deposit box, and remand the cause for a new trial in accordance with this opinion.

The judgment of the trial court is

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.