

# IN THE
# TENTH COURT OF APPEALS

—————————

## No. 10-11-00023-CV

**$7,794 IN US CURRENCY AND KENNETH LEWIS,**

                                   **Appellants**

 **v.**

**THE STATE OF TEXAS,**

                                   **Appellee**

—————————

### From the 170th District Court
### McLennan County, Texas
### Trial Court No. 2007-4394-4

---

## MEMORANDUM OPINION

---

In this appeal, appellant Kenneth Wayne Lewis appeals from the trial court's order of forfeiture of $7,794.00. In two issues, which can be categorized as one, Lewis contends that the evidence is insufficient to establish, by a preponderance of the evidence, that there is "a substantial connection … between the property to be forfeited and the criminal activity defined by the statute." We will affirm.

After making several controlled purchases of crack cocaine from Lewis, Waco police obtained a warrant to search Lewis's house. During the search of Lewis's

residence, police found approximately forty-three grams of powder cocaine, thirty-one grams of crack cocaine, digital scales, and drug ledgers. Included were twenty-two "individual baggies" of cocaine weighing about "a half gram each." Police also found $4,800.00 in a plastic bag inside a laundry basket located in a downstairs garage. In addition, $2,994.00 was recovered from Lewis's vehicle, which was parked on the property. Lewis was subsequently arrested and charged in federal court with "Possession With Intent to Distribute at Least 5 Grams of "Crack" Cocaine, a Schedule II Narcotic Drug Controlled Substance."

Thereafter, the State filed a petition for forfeiture, alleging that the $7,794.00 seized from Lewis's residence and vehicle was contraband under Chapter 59 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 59.01-.14 (West 2006 & Supp. 2011). The criminal case against Lewis was resolved while the forfeiture proceeding was still pending, with Lewis being sentenced to federal prison and fined $1,000.00. Later, in the bench trial on the State's forfeiture petition, the State offered the testimony of Waco police officers John Allovio and Daryl Moore, and Lewis testified on his own behalf. At the conclusion of the trial, the trial court determined that the seized currency was contraband and signed a final judgment of forfeiture. This appeal followed.

Under civil preponderance-of-the-evidence standards, evidence is legally insufficient only when: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than

a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). The final test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id.* at 827. In making this determination, we credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *Id.* This is more than a mere question of whether evidence exists that has some remote relation to the verdict. *Id.* So long as the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment for that of the factfinder. *Id.* at 822. The trier of fact is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819. Although we consider the evidence in the light most favorable to the challenged findings, indulging every reasonable inference that supports them, we may not disregard evidence that allows only one inference. *Id.* at 822.

When considering a factual sufficiency challenge, we must consider and weigh all of the evidence, not just that evidence that supports the verdict. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). We must consider and weigh all of the evidence and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

Because a forfeiture proceeding under Chapter 59 is a civil in rem proceeding subject to the rules applicable to civil trials and appeals generally, the appropriate standard of review depends on which party had the burden of proof on the issue at

trial. *One Ford Mustang v. State*, 231 S.W.3d 445, 448-49 (Tex. App.—Waco 2007, no pet.). For the State to prevail in a forfeiture proceeding under Chapter 59, it is required to prove, by a preponderance of the evidence, that the property is subject to forfeiture to the State. *See* TEX. CODE CRIM. PROC. ANN. art. 59.05(b); *see also $43,774.00 in U.S. Currency v. State*, 266 S.W.3d 178, 182 (Tex. App.—Texarkana 2008, pet. denied).

The State's right to bring a forfeiture cause exists by statute, and not by virtue of the constitution or common law. *State v. $90,235.00 in U.S. Currency*, 346 S.W.3d 737, 741 (Tex. App.—El Paso 2011, no pet.); *1976 Harley Davidson Motorcycle VIN #2C16410H6 v. State*, 106 S.W.3d 398, 401 (Tex. App.—Corpus Christi 2003, no pet.). In the statutory scheme, property, including currency, is subject to seizure and forfeiture if it is found to be contraband. TEX. CODE CRIM. PROC. ANN. art. 59.02(a). Contraband is property used or intended to be used in the commission of certain felonies or proceeds derived from those felonies. *Id.* at art. 59.01(2)(A)-(D); *State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128*, 140 S.W.3d 691, 692 (Tex. 2004). Specifically, money that is derived from or intended for use in manufacturing, delivering, selling, or possessing a controlled substance is subject to forfeiture. TEX. CODE CRIM. PROC. ANN. art. 59.01-.02; *$27,920.00 in U.S. Currency v. State*, 37 S.W.3d 533, 535 (Tex. App.—Texarkana 2001, pet. denied).

To seize a person's property, the State must show a substantial connection or nexus between the property to be forfeited and the criminal activity defined by the statute. *$27,920.00 in U.S. Currency*, 37 S.W.3d at 535. Proof may be made by circumstantial evidence, but the proof must raise more than a mere surmise or

suspicion regarding the source of the money. *Id.*; *see Spurs v. State*, 850 S.W.2d 611, 614 (Tex. App.—Tyler 1993, writ denied) (stating that when no direct evidence connects the seized currency and property to the sale of controlled substances, the State must present sufficient circumstantial evidence showing that, under all the circumstances raised by the evidence, it is more reasonable than not that the recovered money and property were derived from the sale of controlled substances). "Nonetheless, the State is not required to exclude every other possible way in which the money might have been acquired; it is required only to prove the fact through a balance of probabilities." *Antrim v. State*, 868 S.W.2d 809, 812 (Tex. App—Austin 1993, no writ).

Lewis argues that the evidence is insufficient to establish a substantial connection between the seized currency and the drugs found in his house. In particular, Lewis notes that the seized currency was not found "in proximity to the drugs"; "there is no evidence that the seized funds were previously in contact with drugs"; "there was no suspicious activity consistent with drug trafficking"; and "the modest amount of seized funds are a reasonable sum to be in the control of Appellant given his full-time employment and after hours maintenance work."

Courts have considered the following factors when evaluating the sufficiency of the evidence supporting forfeiture: (1) the proximity of the money to the drugs and to evidence of drug trafficking; (2) evidence that the money was previously in contact with drugs; (3) suspicious activity consistent with drug trafficking; (4) the amount of money at issue; and (5) the presence of expert testimony indicating that there was a substantial connection or nexus between the property to be forfeited and the criminal activity.

*Antrim*, 868 S.W.2d at 814; *see $7,058.84 in U.S. Currency v. State*, 30 S.W.3d 580, 586-87 (Tex. App.—Texarkana 2000, no pet.).

Lewis asserts that the seized funds were not found in proximity to the drugs because the funds were found in the garage and his vehicle, while the drugs were found in other parts of the house. We disagree.

The record reflects that police made several controlled purchases of cocaine from Lewis in the time preceding the search warrant. As a result of these purchases, police obtained a warrant to search Lewis's house and found items consistent with drug trafficking, including forty-three grams of powder cocaine, thirty-one grams of crack cocaine, digital scales, and drug ledgers. *See $4,182.00 in U.S. Currency v. State*, 944 S.W.2d 24, 28-29 (Tex. App.—Texarkana 1997, no writ) (affirming forfeiture judgment where appellant was found with cash, methamphetamine, scales, and zip-lock sandwich bags used to distribute drugs); *$22,922.00 in U.S. Currency v. State*, 853 S.W.2d 99, 101-03 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (affirming forfeiture judgment where appellant was seen selling marihuana, and trunk of appellant's car contained drug paraphernalia used for distributing and retailing marihuana); *$136,205.00 in U.S. Currency v. State*, 848 S.W.2d 888, 890 (Tex. App.—Houston [14th Dist.] 1993, no writ) (affirming portion of forfeiture judgment where search of appellant's home revealed three triple-beam scales, plastic wrap, 97.1 grams of marihuana, large amount of cash, and several handguns). And, among the drugs seized were twenty-two individual bags of cocaine weighing a half gram each, which, according to police, is consistent with drug trafficking. Moreover, $4,800.00 was found

in the garage of the same house where the drugs were found, and the remaining $2,994.00 was found in Lewis's vehicle, which was parked near the house on his property. Lewis does not cite, nor are we aware of, authority specifically holding that the seized funds must be found in the same room as the drugs. *Cf. $136,205.00 in U.S. Currency*, 848 S.W.2d at 891 (reversing portion of forfeiture judgment pertaining to $40,000 that was found in safety deposit box at bank, which "was located a distance away from Johnson's residence where the marijuana was found").

Lewis also argues that the seized funds were derived from his full-time job as a warehouse worker and his part-time maintenance work. Lewis, however, does not provide any documentation supporting this contention. When searching Lewis's house and vehicle, police found a large quantity of money—$7,794.00—in small denominations. In particular, Officer Allovio testified that: "There were 29 one-dollar bills; 35 five-dollar bills; 39 ten-dollar bills; 195 twenty-dollar bills; 12 fifty-dollar bills; and 27 one-hundred dollar bills." Furthermore, in his affidavit, Waco Police Investigator Reginald Johnson stated that Lewis was paid an hourly wage of $10.00 and that Lewis owned a 2008 Chevy pickup truck with a purchase price of $28,100.00. Investigator Johnson also noted that:

> In Affiant['s] experience as a narcotics investigator[,] Affiant found that it is common for individuals who sell illegal controlled substances to have large sums of money in small denominations. These monies are usually proceeds from the sell [sic] of illegal controlled substances. Kenneth Lewis has one legitimate source of income, which pays him ten dollars an hour.

The State's evidence touches on many of the factors articulated in *Antrim*. *See*

*Antrim*, 868 S.W.2d at 814. Accordingly, we find that, based on the evidence presented at trial, reasonable and fair-minded persons could conclude that a substantial connection existed between the seized currency and the commission of the offense for which Lewis was convicted. In addition, we cannot say that the trial court's judgment is against the great weight and preponderance of the evidence as to be manifestly unjust. We thus hold that the evidence is legally and factually sufficient to support the trial court's finding that the seized $7,794.00 was contraband subject to forfeiture. Lewis's issue is overruled.

Having overruled Lewis's complaint on appeal, we affirm the judgment of the trial court.


REX D. DAVIS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 20, 2012
[CV06]