

## Fourth Court of Appeals

### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00181-CV

**THREE THOUSAND FOUR HUNDRED FORTY-FIVE DOLLARS ($3,445.00) UNITED STATES CURRENCY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-08281
Honorable Larry Noll, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  September 21, 2016

DISMISSED FOR WANT OF PROSECUTION

This appeal arises from the State's suit to seize money from pro se appellant Jason Harrell a/k/a Jason Borg. Because Appellant has wholly failed to present any issue for appellate review, we affirm the trial court's judgment.

On May 23, 2014, the State of Texas filed an Original Notice of Seizure and Intended Forfeiture of Three Thousand Four Hundred Forty-Five Dollars ($3,445.00) United States Currency. On November 19, 2014, Appellant answered. On September 17, 2015, the State moved

for traditional summary judgment on its seizure and forfeiture cause of action. On October 13, 2015, the trial court granted the State's motion, and Appellant appealed.

On August 17, 2016, Appellant filed his brief. The brief did not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the handwritten seven-page brief had, inter alia, the following defects. No part of the brief contained any citations to the record. *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record."). The great majority of the brief recited alleged facts and complaints, but the brief offered only a few sentences that might be construed to present a legal argument specifying how the trial court erred and why this court should reverse the trial court's judgment. *Contra id.* ("The brief must contain a clear and concise argument for the contentions made . . . ."). The brief did not recite the standard of review; it contained no citations to rules or statutes, and only two references to case law. Of the two cases referenced, only one included a citation. *Contra id.* (requiring "appropriate citations to authorities").

On August 25, 2016, we struck Appellant's brief and ordered Appellant to file an amended brief by September 9, 2016. We warned Appellant that "the amended brief must correct all of the violations listed [in the August 25, 2016 order] and fully comply with the applicable rules." *See, e.g., id.* R. 9.4, 9.5, 38.1. We also warned Appellant that if the amended brief did not comply with our August 25, 2016 order, we could "strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

On September 6, 2016, Appellant filed an amended brief consisting of five handwritten pages. Three of the pages contain no legal arguments (i.e., identity of the parties, index of authorities, and certificate of service).

Only the cover page and the fourth page contain any text that might be intended as legal arguments. The cover page has three sentences; the fourth page has two. The two-sentence argument section cites a forfeiture hearing statute, TEX. CODE CRIM. PROC. ANN. art. 59.05(b) (West 2006), and a single case, *$136,205.00 (Johnson) v. State*, 848 S.W.2d 888, 890 (Tex. App.—Houston [14th Dist.] 1993, no writ). But Appellant's two-sentence argument section is not "a clear and concise argument for the contentions made [that are supported by] appropriate citations to authorities and to the record." Even considering the cover page's three additional sentences, we necessarily conclude Appellant's brief fails to present an argument showing how the trial court erred by granting the State's motion.

Appellant's amended brief fails to comply with the Rules of Appellate Procedure or our August 25, 2016 order;[1] it is wholly inadequate to present any questions for appellate review. *See Ruiz v. State*, 293 S.W.3d 685, 693 (Tex. App.—San Antonio 2009, pet. ref'd); *Robert L. Crill, Inc. v. Bond*, 76 S.W.3d 411, 423 (Tex. App.—Dallas 2001, pet. denied). We strike Appellant's amended brief, prohibit him from filing another brief in this appeal, and dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b). Appellant's motion for this court to order an evidentiary hearing and to appoint counsel on appeal is denied.

PER CURIAM

---

[1] The brief does not include a statement of facts. *Contra* TEX. R. APP. P. 38.1(g). No part of the amended brief contains any citations to the record. *Contra id.* R. 38.1(g), (i).