

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00044-CV

**$14,832.00 UNITED STATES CURRENCY** and one (1) 2010 Mercedes and certain property,
Appellants

v.

The **STATE** of Texas,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-17767
Honorable Cynthia Marie Chapa, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                 Irene Rios, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: April 27, 2022

AFFIRMED

This is an appeal from a final judgment to seize money from Serge L. Hiden. *See* TEX.

CODE CRIM. PROC. arts. 59.01–.14.[1]  In one point of error, Hiden challenges the sufficiency of the

evidence.  We overrule Hiden's sole issue and affirm the trial court's order.

---

[1] In forfeiture proceedings, the defendant is the seized property, but the complaining party on appeal, the claimant, is the person from whom the property was seized. *See* TEX. CODE CRIM. PROC. art. 59.04(j); *see also State v. $217,590.00 in U.S. Currency*, 18 S.W.3d 631, 632 (Tex. 2000).

**BACKGROUND**

On August 15, 2017, Serge Hiden was charged with the crime of knowingly or intentionally possessing with intent to deliver a controlled substance in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d). According to the Report of Seizure, officers searched Hiden's home and found several bags of marijuana, cocaine, methamphetamine, Xanax, and a firearm. The State seized the following items: $13,710 in U.S. currency, which was found in a safe in Hiden's bedroom; a 2010 Mercedes vehicle that Hiden had been operating during his previous encounter with the officers; several items of personal property found at Hiden's residence; and $1,113 in U.S. currency seized from a different individual during a related encounter that day. In the Report of Seizure, the seizing officer provided that he believed the cash, Mercedes, and personal items were proceeds from a criminal enterprise between Hiden and the two others who were involved that day.

On September 14, 2017, the State filed an Original Notice of Seizure and Intended Forfeiture as to the $14,832, the 2010 Mercedes, and certain personal property, stating that the seized property is contraband and subject to forfeiture under article 59 of the Texas Code of Criminal Procedure. The State argued the seized items were used in the proceeds gained from, and/or acquired with the proceeds gained from the commission of a felony under Chapter 481 of the Texas Health and Safety Code—namely the delivery, manufacture and/or possession of marijuana and/or cocaine and/or methamphetamine and/or Xanax and/or MDMA. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02; TEX. HEALTH & SAFETY CODE ANN. § 481.112. On September 2019, the trial court dismissed the case for want of prosecution. In October 2019, the State filed a motion to reinstate the case, which the trial court granted and reinstated the case on the docket.

The cause was set for hearing on September 16, 2020. The trial court held a hearing on that day and on December 4, 2020, issued a final order finding that the $13,710 seized from the

safe in Hiden's bedroom is contraband and ordering the $13,710 be forfeited to the State in accordance with the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02(a). The trial court ordered that the 2010 Mercedes and $1,122 in currency be returned to Hiden. Hiden appealed.

## CIVIL FORFEITURE

Hiden challenges the sufficiency of the evidence to support the trial court's finding that the $13,710 seized from his safe is contraband.[2]

### A. Standard of Review

When reviewing for legal sufficiency, we consider the evidence in the light most favorable to the finding and indulge every reasonable inference that supports the challenged finding. *City of Keller*, 168 S.W.3d at 822. We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 827. We will conclude that the evidence is legally insufficient to support the finding only if (1) there is a complete absence of evidence of a vital fact, (2) we are barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *Id.* at 810. In reviewing a no evidence point, we, as an appellate court, may only consider the evidence and inferences tending to support the trial court's judgment, and we disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.

---

[2] Hiden does not specify whether he challenges the legal or factual sufficiency of the evidence, nor does he include in his brief any applicable standard of review. Because he asserts that "there is no direct or sufficient circumstantial evidence to which the trial court could rely on to support the findings rendered," we apply a legal sufficiency review. *See Carter v. Gormley*, No. 14-20-00117-CV, 2021 WL 4852403, at *3 n.6 (Tex. App.—Houston [14th Dist.] Oct. 19, 2021, no pet.) (mem. op.) (applying legal sufficiency review when pro se appellant failed to specify whether she was challenging the legal or factual sufficiency of the evidence, but argued that no evidence supported the implied finding); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) ("[T]he test for legal sufficiency should be the same for summary judgments, directed verdicts, judgments notwithstanding the verdict, and appellate no-evidence review.").

1988). If there is more than a scintilla of evidence to support the finding, the "no evidence" challenge cannot be sustained. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex. 1987).

### B. Applicable Law

Property, including money, is subject to seizure and forfeiture if it is found to be contraband. TEX. CODE CRIM. PROC. ANN. art. 59.02(a). Contraband is property used or intended to be used in the commission of certain felonies or proceeds derived from those felonies. *Id.* art. 59.01(2)(A)–(D). A person commits the felony offense of delivery or possession of a controlled substance "if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a). Conviction of an underlying felony is not required under the forfeiture statute. TEX. CODE CRIM. PROC. ANN. art. 59.05(d).

In a forfeiture proceeding, the State bears the burden to prove, by a preponderance of the evidence, that (1) probable cause existed for the seizure of the property and (2) the "[c]ontraband is subject to seizure and forfeiture by the State." *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 293 (Tex. 2013). Probable cause is "a reasonable belief that 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *Id.* (quoting $56,700 *in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987)). The State's evidence may include either direct or circumstantial evidence. *One Thousand Four Hundred Thirty-Seven Dollars ($1,437.00) in U. S. Currency v. State*, 587 S.W.3d 422, 428 (Tex. App.—San Antonio 2019, no pet.). The State is not required to exclude every possible means by which the individual might have acquired the money. *Approximately $31,421.00 v. State*, 485 S.W.3d 73, 76 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). The factfinder may draw any and all reasonable inferences from the circumstances shown by the evidence. *Id.*

Courts have reviewed several factors in assessing the sufficiency of the evidence in a forfeiture case: (1) the proximity of the money to the drugs and to evidence of drug trafficking; (2) evidence the money was previously in contact with drugs; (3) suspicious activity consistent with drug trafficking; (4) the amount of money at issue; and (5) the presence of expert testimony indicating there was probable cause to seize the property subject to forfeiture, e.g., that a substantial connection exists between the property to be forfeited and the criminal activity. *$43,774.00 U.S. Currency v. State*, 266 S.W.3d 178, 186 (Tex. App.—Texarkana 2008, pet. denied); *Approximately $31,421.00*, 485 S.W.3d at 77.

### C. Analysis

Hiden argues there is no direct or sufficient circumstantial evidence which the trial court could rely on to support its finding that the $13,710 found in Hiden's safe was contraband.

According to the Report of Seizure in the record, 563.3 grams of marijuana, 26.7 grams of cocaine, 7 grams of methamphetamine, 156.5 grams of Xanax, and a handgun were all found in Hiden's bedroom. The Report provides that the $13,710.00 in dispute was found in a safe in Hiden's bedroom.[3] It is undisputed that the large amount of cash in the safe was found in close proximity to the narcotics. *Cf. Approximately $31,421.00*, 485 S.W.3d at 78 (amount of money and the secret storage of money constitute types of evidence to show a nexus between money and drug trafficking in forfeiture and money laundering cases). The Report also provided that paraphernalia was found in Hiden's bedroom near the drugs and the safe with the $13,710 in

---

[3] In the Report, Detective Bischoff stated that the safe was in Hiden's bedroom. At the hearing, Detective Bischoff first testified that the safe was in Hiden's bedroom but later stated he could not remember if the safe was in Hiden's bedroom or Hiden's office near his bedroom. The trial court was free to believe or disbelieve Detective Bischoff's testimony regarding the location of the safe. *See $130,510.00 in U.S. Lawful Currency v. State*, 266 S.W.3d 169, 174 (Tex. App.—Texarkana 2008, pet. denied) ("The trier of fact is the sole judge of the credibility of the witnesses and the weight to give their testimony," and the appellate court will "credit favorable evidence if a reasonable fact-finder could credit it, and disregard contrary evidence unless a reasonable fact-finder could not disregard it" on a legal sufficiency review).

currency. *See United States v. $80,760.00 in U.S. Currency*, 781 F.Supp. 462, 473 (N.D. Tex. 1991), *aff'd*, 978 F.2d 709 (5th Cir. 1992) ("[A] large amount of money, found in combination with other persuasive circumstantial evidence, particularly the presence of drug paraphernalia, is frequently held sufficient to establish probable cause").  We hold that this evidence showing that the seizing officer found the $13,710 cash in a safe in close proximity to the narcotics constitutes some evidence to support the trial court's finding that the $13,710 is contraband.  *See $136,205.00 (Johnson) v. State*, 848 S.W.2d 888, 890 (Tex. App.—Houston [14th Dist.] 1993, no writ) (presence of money at the same location in which narcotics are found "tend[s] to demonstrate some evidence that the money was contraband").

At the notice of seizure hearing, Hiden testified that the cash seized from his bedroom safe was his earnings from construction and entertainment work.  He contends that he has documents which would show that the $13,710 found in the safe originated from these other sources; however, these documents were not admitted into evidence and are not part of the record on appeal.  *See HWAT, Inc. v. Agnew*, No. 02-20-00301-CV, 2021 WL 1229960, at *5 (Tex. App.—Fort Worth Apr. 1, 2021, no pet.) (mem. op.) ("[W]e cannot review documents outside the appellate record.").  With only Hiden's testimony supporting this assertion and no admitted evidence to support it, the trial court, as the trier of fact, could have disbelieved it.  *See $130,510.00 in U.S. Lawful Currency*, 266 S.W.3d at 174.

We hold that there is some evidence to support the trial court's finding that the $13,710 found in Hiden's safe was contraband.  *See $136,205.00 (Johnson)*, 848 S.W.2d at 890 (evidence supported finding that cash found in safe in defendant's bedroom was contraband).  Therefore, we overrule Hiden's sole issue on appeal.[4]

---

[4] Hiden alternatively argues that the forfeited property in relation to the alleged criminal activity is grossly disproportional and therefore violates the Excessive Fines Clause of the Eighth Amendment.  Hiden does not provide

**CONCLUSION**

We affirm the trial court's order.

Rebeca C. Martinez, Chief Justice

---

any discussion to support his assertion or provide any citations to the record. He only cites to the Eighth Amendment, *One Car v. State*, 122 S.W.3d 422, 427 (Tex. App.—Beaumont 2003, no pet.) and *U.S. v. Bajakajin*, 524 U.S. 321 (1998) without explaining how they apply. "When appellants fail to discuss the evidence supporting their claim or apply the law to the facts, they present nothing for review." *Lowry v. Tarbox*, 537 S.W.3d 599, 620 (Tex. App.—San Antonio 2017, pet. denied). "Thus, failure to offer argument, provide appropriate record citations, or a substantive analysis waives an appellate issue." *Id.* This is true even though the appellant appears pro se. *Brooks v. Auros Partners, Inc.*, No. 07-18-00354-CV, 2020 WL 1943449, at *2 (Tex. App.—Amarillo Apr. 22, 2020, no pet.). We hold that Hiden's alternative Eighth Amendment argument is inadequately briefed and therefore waived. *See* TEX. R. APP. P. 38.1(i); *Lowry*, 537 S.W.3d at 611–12 (appellants waived their sufficiency argument because their brief on the issue provided no argument or analysis supporting their contention and thus afforded the appellate court no basis to analyze and determine the issue).